**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **HELIBACON, LLC** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **Plaintiff,** | § | **JURY DEMAND** |
| | § | |
| **v.** | § | |
| | § | |
| **EXECUTIVE OUTDOOR** | § | |
| **ADVENTURES, INC.,** | § | |
| **ANDREW T. ANDERSON,** | § | |
| **UNITED STATES AVIATION CO.,** | § | |
| **AND FLOYD R. HARDESTY also** | § | |
| **know as F. ROGER HARDESTY** | § | |
| **Defendants.** | | |

**COMPLAINT AND REQUEST FOR INJUNCTION**

HeliBacon, LLC, plaintiff, brings this action against Executive Outdoor Adventures, Inc. ("EOA"), Andrew T. Anderson and United States Aviation Co. seeking injunctive relief and damages for false advertising, unfair competition, and unjust enrichment under the laws of the U.S. and the State of Texas.

## I.

## NATURE OF THE ACTION

1.      This is an unfair practices action seeking a temporary restraining order, temporary injunction and permanent injunction to enjoin Defendants from engaging in false advertising and deceptive, misleading, and fraudulent business practices and unfair competition.

## II.

## PARTIES

2.      HeliBacon, LLC is a Texas Limited Liability Company with its principal place of business located at  1208 N. Post Oak Road, Suite 190, Houston, Texas 77055.  HeliBacon, LLC provides hunting services in the State of Texas to customers across the United States and beyond.

HeliBacon, LLC offers hunting services in the State of Texas to potential customers nationwide and worldwide.

3.      Executive Outdoor Adventures, Inc. was a Texas corporation with its principal place of business located at P.O. Box 411, Bowie, Texas 76230-0411.  It can be served by serving its purported registered agent, Andrew T. Anderson at 1896 Edgin Road, Bowie, Texas 76230.

4.      Andrew T. Anderson is a Texas resident residing at 1896 Edgin Road, Bowie, Texas 76230 according to the Texas Secretary of State.  This defendant has engaged in online marketing through Executive Outdoor Adventures, Inc.

5.      United States Aviation Co. is an Oklahoma corporation with its principal place of business located at 4141 N. Memorial Dr., Tulsa, Oklahoma 74115.  It can be served by serving its registered agent, Floyd R. Hardesty at 4141 N. Memorial Dr., Tulsa, Oklahoma 74115.  This entity conducts operations in the State of Texas.

6.      Floyd E. Hardesty is also known as F. Roger Hardesty is an individual and may be served at 4141 N. Memorial Dr., Tulsa, Oklahoma 74115 or wherever he can be found. Mr. Hardesty is the President/CEO of United States Aviation, Co. and is aware of the HeliBacon's demands to cease use of it restricted aircraft, at least one UH-60 Blackhawk restricted category aircraft (referred herein as a "Blackhawk").

## III.

## JURISDICTION AND VENUE

7.      This is an action for false advertising and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and other causes of action under Texas law.

8.      This Court has subject matter jurisdiction over the federal claims relating to false advertising under 28 U.S.C. §§ 1331 and 1338(b).

9.     This Court has supplemental jurisdiction over HeliBacon's state law claims pursuant to 28 U.S.C. § 1367(a), because such claims are so related to the federal claims that they form a part of the same case or controversy and derive from a common nucleus of operative facts.

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(c)(3) because Defendants conduct business in this district and/or has committed tortious conduct within this judicial district and/or the events or omissions giving rise to the claims occurred, in part, in the Southern District of Texas.

## IV.

## PERTINENT FACTS

11.     Since 2012, HeliBacon has been providing hunting services to entities and individuals from across the nation and the world.   It provides helicopter hunting services. HeliBacon uses a helicopter.   HeliBacon has invested time and resources in marketing and advertising and its image, reputation, and goodwill including its online presence and reviews. Similarly, HeliBacon invests time and resources in its customers and customer service.

12.      The Federal Aviation Administration ("FAA") bans use of a Blackhawk for paying passengers.   A Blackhawk is a restricted category aircraft.   Blackhawks are typically used to facilitate transportation of heavy equipment.   Blackhawks, however, are not used to transport any passengers for hunting operations.

13.     Executive Outdoor Adventures, Inc. has been offering and selling hunting services from a Blackhawk to consumers and the public at large through social media and its website.   A consumer told HeliBacon that Executive Outdoor Adventures, Inc. sold him a Blackhawk hog hunting package and that Executive Outdoor Adventures, Inc. told that consumer that the Blackhawk was not available for the weekend booked.   *See* **Exhibit A** (Declaration of Christopher

Britt on behalf of HeliBacon); and Executive Outdoor Adventures, Inc.'s website advertising Blackhawk Hog Hunting Helicopter Hunts:

## Pricing-packages

### Pricing

At Executive Outdoor Adventures, we believe in pricing what you want or need and not paying for the things you don't. If you have a special size group with a diverse experience in mind, please contact us for special pricing and discounts.





*UH60 Black Hawk, Only in Texas*

### Helicopter Hog Hunting

### Helicopter Hunts

Basic Rates for the helicopter hunts:

*See* also Executive Outdoor Adventures, Inc.'s social media advertisement for their Blackhawk Hog Hunting services:



TikTok · Executive Outdoor Adventures
288.4K+ views · 1 year ago

**How would you like to hunt hogs out of our UH-60 blackhawk ...**



How would you like to hunt hogs out of our UH-60 **blackhawk**?? Call us at 940-366-1565 to book! #ExecutiveOutdoorAdventures #helicopterHogHunting ...

https://www.tiktok.com/@helopigman2/video/7332497367662546222

14. HeliBacon served a cease-and-desist demand on Executive Outdoor Adventures, Inc. and its purported shareholder/officer, Andrew Anderson. In response, these Defendants

claimed that they are in full compliance with any and all laws and regulations and that they would not stop advertising, selling, and or operating hog hunting from a Blackhawk.

15.     HeliBacon also served a cease-and-desist demand on United States Aviation Co. This Defendant owns the Blackhawk used by Executive Outdoor Adventures, Inc.  This entity and its President/CEO, F. Roger Hardesty, apparently recognizing that the "operations [HeliBacon] allege[s] are illegal" but that all operations are in compliance with the appropriate UH 60 operating limitations issued by the FAA and claiming that this entity "operates its UH-60 aircraft in accordance with FAA, Texas Parks & Wildlife…"  These Defendants failed to agree to stop allowing Executive Outdoor Adventures, Inc. to continue conducting hog operations from its aircraft.

16.     Advertising hunting operations from a Blackhawk is illegal, fraud, deceptive, misleading, and constitutes false advertising, unfair competition and unfair practices under applicable federal and state law.  The marketing and advertising is literally false.

17.     Executive Outdoor Adventures, Inc.'s reference to a Blackhawk in connection with hunting operations has caused confusion and is likely to continue to cause confusion or mistake or to deceive consumers and or potential customer into believing that hunting from a Blackhawk is legal, authorized, and/or permissible (and presumably safe).  It is prohibited.  It is illegal.

18.     Executive Outdoor Adventures, Inc.'s use and or reference to a Blackhawk in connection with hunting is likely to cause confusion or mistake or deceive consumers and/or potential customers into believing that hunting from a Blackhawk is authorized by, and/or permitted by the Federal Aviation Administration, it is not.

19.     The likelihood of consumer confusion, or mistake, or deception, is exacerbated by the fact that the conduct is illegal and the advertising and marketing is literally false.

20.     Executive Outdoor Adventures, Inc.'s actions, omissions, and or misconduct described above warrants the filing of this action to protect HeliBacon's valuable rights as a competitor and provider of helicopter hunting services and to prevent consumer fraud, deceit, and/or confusion.

21.     As a result of Executive Outdoor Adventures, Inc.'s unlawful conduct complained of herein, HeliBacon has suffered and will continue to suffer irreparable injury to the goodwill and business reputation as a result of Executive Outdoor Adventures, Inc.'s deceptive and unfair practices, false advertising, and unfair competition.

22.     As a result of Executive Outdoor Adventures, Inc.'s unlawful conduct, consumers and potential customers are likely to be confused that hunting from a Blackhawk is legal, authorized, and/or permissible, which causes harm to HeliBacon.

23.     Due to HeliBacon's inability to compete and/or control Executive Outdoor Adventures, Inc.'s marketing and advertising, HeliBacon has suffered and will continue to suffer irreparable injury including injury to its goodwill and business reputation.

24.     As a result of Executive Outdoor Adventures, Inc.'s unlawful marketing, advertising and or sale of services related to the Blackhawk, HeliBacon has been financially damaged and will continue to be damaged financially.

25.     Executive Outdoor Adventures, Inc. has sold and/or advertised hunting services from a Blackhawk.  The use and reference to a Blackhawk aircraft falsely suggests that hunting from a Blackhawk is permissible when it is actually illegal.

26.     United States Aviation Co. and Mr. Hardesty have facilitated and/or enabled and or encouraged Executive Outdoor Adventures, Inc. and Andrew Anderson  to offer, market, advertise, and or sell hunting services from a Blackhawk.

27.     The Defendants' false and misleading statements have caused confusion and will continue to cause confusion among consumers and potential customers about the legitimacy of the services being advertised, marketed, offered, and/or sold.

28.     F. Roger Hardesty has benefited from the illegal gains, revenue, profits etc. received from United States Aviation, Co. as shareholder of United State Aviation.

## V.

## PERTINENT LAW

29.     Per the Federal Aviation Administration: "All hog hunting is done under a 14 CFR part 91.147 LOA. Currently a military UH-60 in the restricted category, cannot be used under 14 CFR part 91.147 or 133 operations."  **Exhibit B** (Anabel King's Declaration); **Exhibit 1** thereto (email from FAA).

30.     Section 91.147 states as follows: f

> **§ 91.147 Passenger carrying flights for compensation or hire.**
>
> (a) Definitions. For the purposes of this section, Operator means any person conducting nonstop passenger-carrying flights in an airplane, powered-lift, or rotorcraft for compensation or hire in accordance with §§ 119.1(e)(2), 135.1(a)(5), or 121.1(d) of this chapter that begin and end at the same airport and are conducted within a 25-statute mile radius of that airport.
>
> (b) General requirements. An Operator conducting passenger-carrying flights for compensation or hire must meet the following requirements unless all flights are conducted under § 91.146. The Operator must:
>
> (1) Comply with the safety provisions of part 136, subpart A of this chapter.
>
> (2) Register and implement its drug and alcohol testing programs in accordance with part 120 of this chapter.

(3) Comply with the applicable requirements of part 5 of this chapter.
(4) Apply for and receive a Letter of Authorization from the responsible Flight Standards office.

(c) Letter of Authorization. Each application for a Letter of Authorization must include the following information:

(1) Name of Operator, agent, and any d/b/a (doing-business-as) under which that Operator does business.

(2) Principal business address and mailing address.

(3) Principal place of business (if different from business address).

(4) Name of person responsible for management of the business.

(5) Name of person responsible for aircraft maintenance.

(6) Type of aircraft, registration number(s), and make/model/series.

(7) Antidrug and Alcohol Misuse Prevention Program registration.

(d) Compliance. The Operator must comply with the provisions of the Letter of Authorization received.

14 CFR 91.147.

31.     Defendants must meet several requirements to conduct hog hunting operations from a Blackhawk as detailed in Part 91.47.  However, per the FAA a Blackhawk cannot be used under part 91.47.  *See* **Exhibit 1** (email from FAA to HeliBacon's counsel); **Exhibit B** (Anabel King's Declaration).

32.     Further, § 91.313 states as follows:

**§ 91.313 Restricted category civil aircraft: Operating limitations. [Effective until July 24, 2026]**

(a) No person may operate a restricted category civil aircraft—

(1) For other than the special purpose for which it is certificated; or

(2) In an operation other than one necessary to accomplish the work activity directly associated with that special purpose.

(b) For the purpose of paragraph (a) of this section, the following operations are considered necessary to accomplish the work activity directly associated with a special purpose operation:

(1) Flights conducted for flight crewmember training in a special purpose operation for which the aircraft is certificated.

(2) Flights conducted to satisfy proficiency check and recent flight experience requirements under part 61 of this chapter provided the flight crewmember holds the appropriate category, class, and type ratings and is employed by the operator to perform the appropriate special purpose operation.

(3) Flights conducted to relocate the aircraft for delivery, repositioning, or maintenance.

(c) No person may operate a restricted category civil aircraft carrying persons or property for compensation or hire. For the purposes of this paragraph (c), a special purpose operation involving the carriage of persons or material necessary to accomplish that operation, such as crop dusting, seeding, spraying, and banner towing (including the carrying of required persons or material to the location of that operation), an operation for the purpose of providing flight crewmember training in a special purpose operation, and an operation conducted under the authority provided in paragraph (h) of this section are not considered to be the carriage of persons or property for compensation or hire.

(d) No person may be carried on a restricted category civil aircraft unless that person—

(1) Is a flight crewmember;

(2) Is a flight crewmember trainee;

(3) Performs an essential function in connection with a special

purpose operation for which the aircraft is certificated;

(4) Is necessary to accomplish the work activity directly associated with that special purpose; or

(5) Is necessary to accomplish an operation under paragraph (h) of this section.

(e) Except when operating in accordance with the terms and conditions of a certificate of waiver or special operating limitations issued by the Administrator, no person may operate a restricted category civil aircraft within the United States—

(1) Over a densely populated area;

(2) In a congested airway; or

(3) Near a busy airport where passenger transport operations are conducted.

(f) This section does not apply to nonpassenger-carrying civil rotorcraft external-load operations conducted under part 133 of this chapter.

(g) No person may operate a small restricted-category civil airplane manufactured after July 18, 1978, unless an approved shoulder harness or restraint system is installed for each front seat. The shoulder harness or restraint system installation at each flightcrew station must permit the flightcrew member, when seated and with the safety belt and shoulder harness fastened or the restraint system engaged, to perform all functions necessary for flight operation. For purposes of this paragraph—

(1) The date of manufacture of an airplane is the date the inspection

acceptance records reflect that the airplane is complete and meets the FAA-approved type design data; and

(2) A front seat is a seat located at a flight crewmember station or any seat located alongside such a seat.

(h)
(1) An operator may apply for deviation authority from the provisions of paragraph (a) of this section to conduct operations for the following purposes:

(i) Flight training and the practical test for issuance of a type rating provided—

(A) The pilot being trained and tested holds at least a commercial pilot certificate with the appropriate category and class ratings for the aircraft type;

(B) The pilot receiving flight training is employed by the operator to perform a special purpose operation; and

(C) The flight training is conducted by the operator who employs the pilot to perform a special purpose operation.

(ii) Flights to designate an examiner or qualify an FAA inspector in the aircraft type and flights necessary to provide continuing oversight and evaluation of an examiner.

(2) The FAA will issue this deviation authority as a letter of deviation authority.

(3) The FAA may cancel or amend a letter of deviation authority at any time.

(4) An applicant must submit a request for deviation authority in a form and manner acceptable to the Administrator at least 60 days before the date of intended operations. A request for deviation authority must contain a complete description of the proposed operation and justification that establishes a level of safety equivalent to that provided under the regulations for the deviation requested.

14 CFR 313.

33.     Per the FAA, a Blackhawk is a restricted category aircraft which cannot be used under part 91.133 operations.  See **Exhibit 1** (email from the FAA); **Exhibit B** (Anabel King's Declaration).

34.     A Blackhawk is a UH-60 restricted aircraft.  Hog hunting from a Blackhawk constitutes and requires passenger-carrying flights for compensation or hire.  Further, part 91.313 sets forth the allowed special purposes for which a restricted category civil aircraft can be operated.  Hog hunting is not one of those special purposes.  Blackhawk hog hunting passengers are persons for purposes of § 91.313 but are not crew members or trainees.

35.     Blackhawk hog hunting passengers are not performing a special function in connection with an allowed special purposes and are not necessary to accomplish any purpose under part 91.313(h).  "[S]pecial purpose operations" includes agricultural (spraying, dusting, and seeding); forest and wildlife conservation; aerial surveying; patrolling; weather control; and aerial advertising. *Timberline Helicopters, Inc. v. U.S.,* 140 Fed. Cl. 614, 616, 2018 U.S. Claims LEXIS 1553, *514 C.F.R. § 21.25(b) (citing 1 C.F.R. § 21.25(b)).

36.     There is no evidence that Defendants are engaging in any special purpose operation or that Defendants have been provided a letter of deviation authorizing hog hunting from a Blackhawk.  When asked to provide documentation showing the FAA authorized hog hunting, Defendant EAO refused to produce claiming privilege; specifically, trade secret. EOA offered to provide such alleged documentation to the Court for an in camera inspection. Based on EOA's refusal it is unlikely that its hog hunting passengers are engaging in any FAA allowed purpose and/or that they have a Letter of Authorization. Finally, the hog hunting passengers are not relocating a Blackhawk.

37.     FAA prohibits use of a Blackhawk, a restricted category aircraft, for hog hunting. Accordingly, Defendants' actions and omissions are illegal and should be enjoined.

## VI.

## STATEMENT OF CLAIM

38.     HeliBacon is entitled to a temporary restraining order and injunction because Defendants' actions and omissions constitute false advertising, deceptive practices, unfair competition, and unfair practices.

39.     A consumer contacted HeliBacon to see whether HeliBacon had a Blackhawk available for hunting.  The consumer told HeliBacon that the consumer booked a Blackhawk hunting trip with Executive Outdoor Adventures.  Executive Outdoor Adventures then represented to the consumer that the Blackhawk was no longer available for the day booked.  HeliBacon was unable to offer hog hunting from a Blackhawk because Blackhawks are a restricted aircraft and the FAA prohibits passengers in a Blackhawk.

40.     Another consumer contacted HeliBacon requesting Blackhawk hog hunting services.  Again, HeliBacon was unable to offer those services because those operations are banned from a Blackhawk.

41.     As a result of Defendants' actions and omissions, HeliBacon has been damaged and now sues seeking a TRO, a temporary injunction, and a permanent injunction and other remedies.

## VII.

## IRREPARABLE INJURY

42.     Monetary damages at a later time would not adequately compensate HeliBacon because the full extent and/or impact of Defendants' misconduct may be challenging to quantify and or calculate and or measure.  Because consumers may not all contact HeliBacon to report their

experiences with Defendants or to book hunting trips because it does not advertise use of Blackhawk, monetary damages in the future would not adequately compensate HeliBacon for its injuries it has sustained, is sustained, and will likely sustain unless Defendants are restrained and or enjoined.

43.     United States Aviation Co. and F. Roger Hardesty must be enjoined from facilitating and or enabling the unauthorized, illegal used of a Blackhawk for hunting operations by EOA.

## VIII.

## **RELIEF**

44.     At this time, HeliBacon seeks a temporary restraining order and temporary injunction.  HeliBacon served Defendants with a cease-and-desist demand requesting that Defendant stop the false advertising, unfair competition and deceptive and misleading practices. Defendants denied any wrongdoing and expressly indicated it would not cease any conduct.  As of the filing of this Complaint, Defendants continue to advertise, market, offer, and sell Blackhawk hunting services at the present time.  Moreover, Defendants are aware and have been on notice of the fact that use of a Blackhawk is illegal for hunting services. Accordingly, HeliBacon is entitled to recover punitive and or exemplary damages to deter Defendants and similar third parties from engaging in false advertising, in unfair competition, unfair practices, and deceptive/misleading practices.

45.     Because the Defendants' actions constitute false advertising, the resulting damages are presumed.  Additionally, and/or alternatively, the Plaintiff has been damaged to the extent that it has lost customers to Defendants as a result of Defendants' misconduct. Additionally, and/or alternatively, Plaintiff has been damaged to the extent of Plaintiff's lost profits as a result of Defendants' misconduct.

## COUNT I

### UNFAIR COMPETITION
### UNDER 15 U.S.C. § 1125(A)

35.    HeliBacon incorporates by reference the allegations contained in the foregoing paragraphs as if set forth fully herein.

36.    By advertising, offering for sale, selling, and distributing hunting services and or related products from a Blackhawk constitutes unfair competition with HeliBacon. Specifically, Defendants' use and or reference to a Blackhawk is false advertising because use of a Blackhawk for hunting operations is not authorized and use of a Blackhawk is materially and substantially different in character from aircraft authorized for hunting, which is likely to cause confusion, to cause mistake, or to deceive consumers.

46.    Advertising hunting operations from a Blackhawk is illegal, fraud, deceptive, misleading, and constitutes false advertising, unfair competition and unfair practices under applicable federal and state law. The marketing and advertising is literally false.

37.    As a result of these differences, confusion is likely to erode the goodwill achieved by HeliBacon.

38.    Executive Outdoor Adventures, Inc. intended to misrepresent the validity of the services being advertised, marked, and/or offered.

39.    Executive Outdoor Adventures, Inc.'s sale, offer for sale, promotion, and/or advertising of Blackhawk hunting services constitutes false advertising and competition in violation of 15 U.S.C. § 1125(a).

40.    Defendants' conduct as set forth above is knowing, deliberate, and willful.

41.     Defendants' actions have caused, and will continue to cause damages and irreparable harm to HeliBacon unless Defendants are permanently enjoined.

42.     Defendants have earned and will continue to earn revenues and/or profits from their unlawful actions.

## COUNT II

## FALSE ADVERTISING UNDER 15 U.S.C. § 1125(A)

43.     HeliBacon incorporates by reference the allegations contained in the foregoing paragraphs as if set forth fully herein.

44.     Executive Outdoor Adventures, Inc.'s use of and/or reference to a Blackhawk for hog hunting operations is a false claim.  Use and/or reference to a Blackhawk falsely indicates that hog hunting from a Blackhawk is legal, permissible and/or authorized (safe) when it is not.

45.     Each of Executive Outdoor Adventures, Inc.'s false and misleading statements is/are material, is likely to influence purchasing decisions, and has actually influenced purchasing decisions of consumers.

46.     Executive Outdoor Adventures, Inc.'s false and misleading statements were made in connection with the sale of services and/or products in interstate commerce.

47.     Executive Outdoor Adventures, Inc.'s actions constitute false advertising in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

48.     Defendants' conduct as set forth above is knowing, deliberate, and willful.

49.     Defendants' actions and/or omissions have caused, and will continue to cause damages and irreparable harm to HeliBacon unless Defendants are permanently enjoined.

50.     Defendants have earned and will continue to earn profits from their unlawful actions.

## COUNT III

## FALSE ADVERTISING UNDER 15 U.S.C. § 1125(B)

43.     HeliBacon incorporates by reference the allegations contained in the foregoing paragraphs as if set forth fully herein.

44.     Executive Outdoor Adventures, Inc.'s use of and/or reference to a Blackhawk for hog hunting operations misrepresents the nature, characteristics, and qualities of its services and or commercial activities.  Use and/or reference to a Blackhawk misrepresents that hog hunting from a Blackhawk is legal, permissible and/or authorized (safe) when it is not.

45.     Each of Executive Outdoor Adventures, Inc.'s misrepresentations are material and likely to influence purchasing decisions, and has actually influenced purchasing decisions of consumers.

46.     Executive Outdoor Adventures, Inc.'s misrepresentations were made in connection with the sale of services and/or products in interstate commerce.

47.     Executive Outdoor Adventures, Inc.'s misrepresentations violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

48.     Defendants' conduct as set forth above is knowing, deliberate, and willful.

49.     Defendants' actions and/or omissions have caused, and will continue to cause damages and irreparable harm to HeliBacon unless Defendants are permanently enjoined.

50.     Defendants have earned and will continue to earn profits from their unlawful actions.

**COUNT III**

**UNFAIR COMPETITION UNDER TEXAS COMMON LAW**

51.      HeliBacon incorporates by reference the allegations contained in the foregoing paragraphs as if set forth fully herein.

52.      By virtue of Executive Outdoor Adventures, Inc.'s advertising and/or marketing of hunting services from a Blackhawk, which is false and illegal, has caused and is likely to continue to cause confusion among consumers and/or potential consumers.

53.      Defendants' conduct and omissions constitute unfair competition under Texas common law.

54.      Defendants' actions and/or omissions have caused, and will continue to cause damages and irreparable harm to HeliBacon, and will continue to harm HeliBacon unless Executive Outdoor Adventures, Inc., Andrew Anderson, and Aviator's actions are permanently enjoined.

55.      Defendants have earned and will continue to earn profits from its unlawful actions. Executive Outdoor Adventures, Inc. unlawful actions are causing and will cause HeliBacon monetary damages in an amount to be determined at trial.

**COUNT IV**

**UNJUST ENRICHMENT**

56.      HeliBacon incorporates by reference the allegations contained in the foregoing paragraphs as if set forth fully herein.

57.      Executive Outdoor Adventures, Inc.'s conduct in selling Blackhawk hog hunting services and Executive Outdoor Adventures, Inc.'s false and misleading statements have caused

and will continue to cause consumers and potential customers to purchase Executive Outdoor Adventures, Inc.'s services instead of HeliBacon's services.

58.     As a result of Executive Outdoor Adventures, Inc.'s false assertions and diversion of customers and potential customers from purchasing HeliBacon's services, Defendants been unjustly enriched.  There is no justification for Defendants' unjust enrichment.

59.      Defendants' actions have caused, and will continue to cause irreparable harm to HeliBacon unless Defendant' actions are permanently enjoined.

60.     There is no available remedy at law sufficient to make HeliBacon whole. Accordingly, HeliBacon is entitled to restitution from Defendants' unjust benefits earned as a result of its conduct.

## COUNT V

## <u>CONSPIRACY</u>

61.     HeliBacon incorporates by reference the allegations contained in the foregoing paragraphs as if set forth fully herein.

62.     Executive Outdoor Adventures, Inc., Andrew T. Anderson, United States Aviation Co.. and F. Roger Hardesty (collectively, the "Conspirators") acted together.

63.     The elements on a conspiracy claim are the following: (i) agreement between two or more parties; (ii) to accomplish an unlawful objective or lawful objective by unlawful means; (iii) an overt act in furtherance of the conspiracy; (iv) resulting damages to the plaintiff.

64.     Conspirators jointly conspired to conduct operations offer to provide and/or providing operate a service that gives Conspirators an unlawful market advantage, knowingly evading regulatory oversight.

65.    Conspirators collaborated to offer Blackhawk hunting operations/services to consumers. These operations are not authorized, permitted, and/or approved by the FAA, and therefore illegal and violate applicable laws including but not limited to aviation regulations.  Use and/or reference to a Blackhawk in connection with hunting operations falsely indicates that hunting from a Blackhawk is legal, permissible, authorized, and/or safe when it is not. The Conspirators are receiving benefits through unlawful means.

66.    The illegal collaboration allows Conspirators to unfairly capture market share by: (i) advertising unlicensed, illegal, unauthorized, impermissible services; (ii) violating applicable laws, rules and or regulations; and (iii) misleading consumers and/or potential consumers into believing the services are lawful, permissible, and or authorized.

67.    HeliBacon has suffered lost revenues, reduction in market share, inability to compete with Conspirators, market dilution, and reputational disadvantage by not offering the illegal services offered by Conspirators. Consumers and/or potential consumers believe and/or may believe HeliBacon's services are inferior or less exciting because it does not provide Blackhawk hunting services.

**COUNT VI**

**ATTORNEY'S FEES, EXPENSES, AND COSTS**

68.    HeliBacon incorporates by reference the allegations contained in the foregoing paragraphs as if set forth fully herein.

69.    HeliBacon seeks recovery of reasonable and necessary attorney's fees, expenses, and costs incurred in prosecuting these claims and remedies under all applicable statutes and law, including but not limited 15 U.S.C. § 1117.

## IX.

## JURY DEMAND

68.     HeliBacon hereby demands that all issues so triable be determined by a jury.

## X.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff HeliBacon, LLC requests that this Court enter a final judgment

against Defendants as follows:

    a.  preliminarily and permanently enjoining and restraining Executive Outdoor Adventures, Inc. and Andrew Anderson, its successors, agents and employees, and anyone acting in active concert or participation with or at the behest or direction of any of them, from marketing, advertising, selling, offering for sale, or promoting hunting services from a Blackhawk which constitutes false advertising and/or unfair competition under § 43(a) of the Lanham Act, and/or unfair competition, and or unjust enrichment under Texas common law.

    b.  preliminarily and permanently enjoining and restraining United States Aviation Co. and F. Roger Hardesty, its successors, agents and employees, and anyone acting in active concert or participation with or at the behest or direction of any of them, from marketing, advertising, selling, offering for sale, or promoting hunting services from a Blackhawk and facilitating use of its Blackhawk(s) for hunting operations.

    c.  ordering Executive Outdoor Adventures, Inc. and Andrew Anderson to remove from all social media any and all posts, advertising, marketing and or videos, pictures, and or images reflecting and or referring to a Blackhawk any materials, written materials, signs, prints, banners, posters, brochures, or other advertising, marketing, or other promotional materials referencing a Blackhawk and or directly and or indirectly, and to remove and/or permanently disable all Internet websites, domain names, online advertising, marketing, promotions or other online materials bearing or displaying a Blackhawk;

    d.  ordering United States Aviation Co. and F. Roger Hardesty to remove from all social media any and all posts, advertising, marketing and or videos, pictures, and or images reflecting and or referring to a Blackhawk any materials, written materials, signs, prints, banners, posters, brochures, or other advertising, marketing, or other promotional materials referencing a Blackhawk and or directly and or indirectly, and to remove and/or permanently disable all Internet websites, domain names, online advertising, marketing, promotions or other online materials bearing or displaying a Blackhawk;

e.  ordering Executive Outdoor Adventures, Inc. and Andrew Anderson to file with the Court and serve on HeliBacon's counsel within 30 days after service of the injunction, a written report, sworn under oath, setting forth in detail the manner and form in which Outdoor Adventures, Inc. has complied with the injunction;

f.  ordering United States Aviation Co. and F. Roger Hardesty to file with the Court and serve on HeliBacon's counsel within 30 days after service of the injunction, a written report, sworn under oath, setting forth in detail the manner and form in which United States Aviation Co. has complied with the injunction;

g.  declaring that the sale, offering for sale, distribution, promotion, and advertising of hunting from Blackhawk constitutes unfair competition and unfair practices;

h.  declaring that the sale, offering for sale, or promoting hunting services and products from a Blackhawk constitutes false advertising;

i.  declaring that Executive Outdoor Adventures, Inc. and Andrew Anderson's false advertising was knowing, intentional, and willful;

j.  awarding HeliBacon compensation for any and all damages, injury or harm incurred as a result of Executive Outdoor Adventures, Inc. and Andrew Anderson's unlawful conduct;

k.  awarding HeliBacon compensation for any and all damages, injury or harm incurred as a result of United States Aviation Co. and F. Roger Hardesty's unlawful conduct;

l.  ordering full restitution and/or disgorgement of all profits and benefits that may have been obtained by Executive Outdoor Adventures, Inc. and Andrew Anderson as a result of their wrongful conduct;

m.  ordering full restitution and/or disgorgement of all profits and benefits that may have been obtained by United States Aviation Co. as a result of its wrongful conduct;

n.  awarding HeliBacon treble damages against Executive Outdoor Adventures, Inc. and Andrew Anderson resulting from Executive Outdoor Adventures, Inc. and Andrew Anderson's willful and intentional conduct;

o.  awarding HeliBacon treble damages against United States Aviation Co. and F. Roger Hardesty resulting from Executive Outdoor Adventures, Inc. and Andrew Anderson's willful and intentional conduct;

p.  awarding HeliBacon punitive and exemplary damages;

q.  assessing HeliBacon's costs of this action and HeliBacon's attorneys' fees against Executive Outdoor Adventures, Inc., Andrew T. Anderson, United States Aviation Co. and F. Roger Hardesty, jointly and severally; and

r.  ordering or awarding any other such relief the Court deems just and proper.

Respectfully submitted,

**WAUSON | KING**

By:     */s/ Anabel King*
        **Anabel King**
        State Bar No. 24067659
        Federal Id. No. 1012318
        aking@w-klaw.com
52 Sugar Creek Center Blvd., Suite 325
Sugar Land, Texas 77478
(281) 242-0303 (Telephone)
(281) 242-0306 (Facsimile)

Counsel for HeliBacon, LLC

## <u>CERTIFICATION</u>

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

*/s/ Anabel King*
Anabel King